Bradlee R. Frazer
Idaho State Bar No. 3857
TECHNOLOGY LAW GROUP, LLC
8950 West Emerald Street, Suite 198
Boise, Idaho 83704
Telephone: (208) 939-1690
Facsimile: (208) 939-5755
E-mail: bfrazer@technologylawgroup.com

Attorney for Plaintiff Melaleuca, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MELALEUCA, INC.,<br>    an Idaho corporation,<br><br>           Plaintiff,<br><br>vs.<br><br>DARYL HANSEN,<br>    an individual,<br><br>           Defendant. | Case No. _____<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF THE FEDERAL "CAN-SPAM" ACT, THE IDAHO CONSUMER PROTECTION ACT; DEMAND FOR DAMAGES AND INJUNCTIVE RELIEF |

COMPLAINT FOR VIOLATION OF CAN-SPAM ACT; DAMAGES AND
INJUNCTIVE RELIEF- Page 1

## INTRODUCTORY PARAGRAPHS

### The Parties

1. Plaintiff Melaleuca, Inc., ("Melaleuca") is an Idaho corporation with its principal place of business located at 3910 S. Yellowstone Highway, Idaho Falls, Idaho 83402.

2. Defendant Daryl Hansen is an individual and a resident of the state of California.

### Jurisdiction and Venue

3. This court has subject matter jurisdiction over the claims set forth in this Complaint pursuant to the CAN-SPAM Act of 2003, 15 U.S.C. §7701, *et seq.;* 28 U.S.C. §1331; and the doctrine of pendant jurisdiction.

4. Venue is proper in the United States District Court for District of Idaho pursuant to 28 U.S.C. § 1391(b) because both a substantial part of the property that is the subject of Plaintiff's claims is situated in, and because a substantial part of the events giving rise to the claims occurred within, this judicial district. At all relevant times herein, Plaintiff provided Internet access service within the meaning of 15 U.S.C. §7702(11). Plaintiff's Internet services provided, among other things, electronic mail connectivity and access to residents of the state of Idaho and others through the domain name iglide.net.

5. This court has jurisdiction over the person of Defendant by virtue of the fact he directed electronic mail communications to residents of this judicial district, which communications were routed through Plaintiff's servers

causing injury to Plaintiff within this judicial district.  Defendant also knowingly and willfully sent at least one electronic mail to an address using the iglide.net mail domain, which domain is owned by the Plaintiff.

## COUNT ONE

## VIOLATION OF THE CAN-SPAM ACT OF 2003

6. Plaintiff restates and re-avers Paragraphs 1 through 5 of this Complaint as Paragraph 6 of Count One of this Complaint.

7. From, on, and after March 6, 2007, on information and belief, Defendant knowingly and willfully initiated the transmission, to a protected computer, of a commercial electronic mail message, or a transactional or relationship message, that contained, or was accompanied by, header information that was materially false or materially misleading, in violation of 15 U.S.C. §7704(a)(1) .

8. On information and belief, Defendant knowingly and willfully engaged in the pattern or practice of initiating the transmission to a protected computer of commercial electronic mail messages, while knowing that the electronic mail addresses of the recipients were obtained using address harvesting and dictionary attacks in violation of 15 U.S.C. §7704(b).

9. From, on, and after March 6, 2007, on information and belief, Defendant knowingly and willfully engaged in a pattern or practice of initiating the transmission to a protected computer of a commercial electronic mail message when Defendant had actual knowledge, or knowledge fairly implied on the basis of objective circumstances, that a subject heading of the message would

COMPLAINT FOR VIOLATION OF CAN-SPAM ACT; DAMAGES AND
INJUNCTIVE RELIEF- Page 3

    be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message, in violation of 15 U.S.C. §7704(a)(2).

10. From, on, and after March 6, 2007, on information and belief, Defendant knowingly and willfully engaged in a pattern or practice of initiating the transmission to a protected computer of a commercial electronic mail message that did not contain a functioning return electronic mail address or other Internet-based mechanism, clearly and conspicuously displayed, that (i) a recipient may have used to submit, in a manner specified in the message, a reply electronic mail message or other form of Internet-based communication requesting not to receive future commercial electronic mail messages from that sender at the electronic mail address where the message was received; and (ii) remained capable of receiving such messages or communications for no less than 30 days after the transmission of the original message, in violation of 15 U.S.C. §7704(a)(3).

11. Defendant also knowingly and willfully sent at least one electronic mail to Plaintiff's mail server that did not provide clear and conspicuous identification that the message therein was an advertisement or solicitation, all in violation of 15 U.S.C. §7704(a)(5)(A)(i).

12. Defendant also knowingly and willfully sent at least one electronic mail to Plaintiff's mail server that did not contain a notice of the opportunity to decline to receive further electronic mail from Defendant, all in violation of 15 U.S.C. §7704(a)(5)(A)(ii).

COMPLAINT FOR VIOLATION OF CAN-SPAM ACT; DAMAGES AND INJUNCTIVE RELIEF- Page 4

13. Defendant also knowingly and willfully sent at least one electronic mail to Plaintiff's iglide.net mail server that did not contain a valid physical postal address of the sender, all in violation of 15 U.S.C. §7704(a)(5)(A)(iii).

14. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has been damaged and is entitled to damages for the actual monetary losses it incurred or, in the alternative, statutory damages for each violation, as set forth in 15 U.S.C. §7706(g)(3).

## COUNT TWO

## VIOLATION OF THE IDAHO CONSUMER PROTECTION ACT

15. Plaintiff restates and re-avers Paragraphs 1 through 14 of this Complaint as Paragraph 15 of Count Two of the Complaint.

16. From on and after March 6, 2007, Plaintiff received at least one bulk electronic mail advertisement that was knowingly and willfully directed to Plaintiff by Defendant that did not provide a readily identifiable electronic mail address to which the recipient could send a request to decline such mail, all in violation of Idaho Code § 48-603E(2).

17. On at least one occasion, Plaintiff also received bulk electronic mail advertisements sent to Plaintiff by Defendant when Defendant knew or had reason to know that the bulk electronic mail advertisements either (a) used the name of a fictitious name of a third party in the return address field without the permission of the third party; or (b) misrepresented any information in identifying the point of origin of the transmission path of the bulk electronic

mail advertisement; or (c) failed to contain information identifying the point of origin of the transmission path of the bulk electronic mail advertisement, all in violation of Idaho Code § 48-603E(3).

18. As a direct and proximate result of Defendant's unlawful conduct as complained of in this Count Two, Plaintiff has suffered damages in an amount to be determined at trial.

## COUNT THREE

## MISAPPROPRIATION OF TRADE SECRETS

19. Plaintiff restates and re-avers Paragraphs 1 through 18 of this Complaint as Paragraph 19 of Count Three of the Complaint

20. Upon information and belief, Defendant has been provided information by Ariana Reed-Hager and/or other Melaleuca independent marketing executives that is confidential trade secret information protected by the Idaho Trade Secrets Act, Idaho Code §§ 48-801, *et seq.*

21. Defendant has misappropriated and improperly used said information in violation of Idaho Code § 48-801(2)(b)(B).

22. As a direct and proximate result of Defendant's unlawful conduct as complained of in this Count Three, Plaintiff has suffered damages in an amount to be proven at trial.

## COUNT FOUR

### TORTIOUS INTERFERENCE WITH CONTRACT

23. Plaintiff restates and re-avers Paragraphs 1 through 22 of this Complaint as Paragraph 23 of Count Four of the Complaint.

24. Defendant is aware that Melaleuca has contracts in place with its independent marketing executives, including without limitation Ariana Reed-Hager.

25. Defendant nevertheless sought to intentionally induce marketing executives to leave Melaleuca, to join with or assist him in a competing business, and/or to recruit Melaleuca customers and marketing executives to the competing business, in breach of the marketing executives' agreements with Melaleuca.

26. Defendant used Plaintiff's confidential information to assist in the recruitment of Melaleuca customers.

27. Defendant further violated federal and state "anti-spam" laws (as set forth in Counts One and Two) as part of his efforts to recruit Melaleuca customers and independent marketing executives.

28. Upon information and belief, Defendant's efforts resulted in the breach, by one or more independent marketing executives, of their agreements with Melaleuca.

29. As a direct and proximate result of Defendant's unlawful actions as alleged in this Count Four, Plaintiff has suffered damages in an amount to be proven at trial.

**PRAYER FOR RELIEF AND DEMAND FOR JURY TRIAL**

Wherefore, Plaintiff prays for the following relief:

30. For actual monetary damages according to proof on all Counts, or in the alternative, for statutory damages pursuant to 15 U.S.C. §7706(g)(3) on Count One and pursuant to Idaho Code 48-603E(4) on Count Two;

31. For aggravated damages under 15 U.S.C. §7706(g)(3)(C) of up to three times the amount above awarded for the federal law claims for those violations committed by the Defendant willfully and knowingly;

32. For a preliminary and permanent injunction, pursuant to 15 U.S.C. §7706(g)(1)(A), barring the Defendant from violating the CAN-SPAM Act of 2003; for an injunction barring further violations of the Idaho Consumer Protection Act and the Idaho Trade Secrets Act; and for an injunction barring the Defendant from tortiously interfering with Plaintiff's contractual relationships;

33. For its reasonable attorneys' fees and costs pursuant to 15 U.S.C. §7706(g)(4) and relevant provisions of Idaho law; and

34. For further relief as the court deems just and proper.

35. Plaintiff demands a jury trial

RESPECTFULLY SUBMITTED THIS 8th DAY OF MAY, 2007.

                                                /s/

                        Bradlee R. Frazer, ISB #3857

                        Attorney for Plaintiff