Daryl Hansen
Svetlana Belova
PO Box 4621
El Dorado Hills, CA  95762

Phone (916) 792-1802
Email: darylhansen@gmail.com

Defendants *In Propria Personum*

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| MELALEUCA, INC., | Case No. 4:07-CV-00212-EJL |
| Plaintiff, | **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS ACTION** |
| vs. | |
| DARYL HANSEN, SVETLANA BELOVA, | |
| Defendants. | |

### III. Introduction

Plaintiff has not met its burden of showing that the exercise of jurisdiction by this Court would be fair and reasonable.  In fact, Defendants' affidavits demonstrate that they do not have minimum contacts with this forum.  This Court should grant Defendants' motion.

### IV. Discussion

**A.  Plaintiff Has Not Shown That Defendants Are Spammers**

Plaintiff bears the burden of showing that the exercise of jurisdiction would be

reasonable. (*Harris Rutsky & Co. Ins. Serv., Inc. v. Bell & Clement Ltd*., 328 F.3d 1122, 1128-29 (9th Cir. 2003).) Plaintiff bears the burden of proof on the necessary jurisdictional facts, such as the existence of "minimum contacts" between defendants and the forum state. (*Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1392 (9th Cir. 1984); *Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co*., 907 F.2d 911, 912 (9th Cir. 1990).)

When defendant's motion to dismiss is made as its initial response, plaintiff must make a prima facie showing that personal jurisdiction exists. (*Data Disc, Inc. v. Sys. Technology Assoc., Inc*., 557 F.2d 1280, 1285 (9th Cir. 1977).) A *prima facie* showing means that Plaintiff has produced admissible evidence which, if believed, would be sufficient to establish the existence of personal jurisdiction. (*WNS, Inc. v. Farrow*, 884 F.2d 200, 203-04 (5th Cir. 1989).)

Plaintiff's affidavits and exhibits do not show that any commercial email was sent by either Defendant. (*See* 15 U.S.C. § 7702(2)(A) ("The term 'commercial electronic mail message' means any electronic mail message the primary purpose of which is the commercial advertisement or promotion of a commercial ***product or service*** (including content on an Internet website operated for a commercial purpose)(emphasis added).").) None of the email messages included as exhibits to the affidavits of Chandler or Nye indicate any advertisement or promotion of a service or product. The inclusion of a link to a web page, without more, is not dispositive of commercial intent. (*Id*. at § 7702(2)(D).) Moreover, the evidence supplied by Plaintiff is vigorously disputed by Defendants.

**B. Plaintiff Has Not Shown That It Suffered Any Injury**

CAN-SPAM allows standing for providers of Internet access service "adversely affected" by violations of certain provisions. (15 U.S.C. § 7706(g)(1).) Thus, actual damages is required to establish standing, even if a plaintiff is seeking only statutory damages under the Act. (*Id.; see also Omega World Travel, Inc v. Mummagraphics, Inc.,* 469 F. 3d 348 (4th Cir. 2006).) Plaintiff Melaleuca has failed to establish that it is a provider of Internet access service adversely affected by a violation of section 7704 (a)1, (b), or (d) of CAN-SPAM, or by a pattern or practice that violates paragraph (2), (3), (4) or (5) of section 7704 (a). Plaintiff Melaleuca has not shown that Defendants caused it any significant injury.

### C. Plaintiff Has Not Indicated What Information It Lacks

Plaintiff claims to know what discovery will show, but it has not indicated to this Court why discovery would be reasonable. Nor has Plaintiff requested a Rule 26 conference. Absent a specific indication of the discovery Plaintiff intends to propound, this Court should deny the request for limited discovery.

### V. Conclusion

For the foregoing reasons, Defendants respectfully request that the Court grant the motion and dismiss the action for failure to show that jurisdiction lies within this forum.

Respectfully submitted,

Dated: December 20, 2007

_____
Daryl Hansen

Dated: December 20, 2007

_____
Svetlana Belova