IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MELALEUCA, INC., ) | |
| ) | |
| Plaintiff, ) | Case No. CV07-212-E-EJL |
| ) | |
| vs. ) | MEMORANDUM ORDER |
| ) | ADOPTING REPORT AND |
| DARYL HANSEN and SVETLANA BELOVA, ) | RECOMMENDATION |
| ) | |
| Defendants. ) | |
| ) | |

On May 28, 2008, United States Magistrate Judge Mikel H. Williams issued his Report and Recommendation in this matter. Pursuant to 28 U.S.C. § 636(b)(1), the parties had ten days in which to file written objections to the report and recommendation. Defendants Daryl Hansen (Hansen) and Svetlana Belova (Belova) (collectively, Defendants) timely filed their objections on June 16, 2008.[1] Plaintiff, Melaleuca, Inc. (Plaintiff), filed its response to the objections on June 26, 2008.

Pursuant to 28 U.S.C. § 636(b)(1) this Court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate. The Court has conducted a *de novo* review of the record pursuant to 28 U.S.C. § 636(b) and is now prepared to rule on the objections filed by the Defendant.

**Factual and Procedural Background**

The Court adopts the factual and procedural background set forth in the Report and Recommendation on pages 1-4:

On September 18, 2007, Plaintiff Melaleuca, Inc. ("Plaintiff") filed its Second Amended Verified Complaint and Demand for Jury Trial ("Complaint"). The Complaint contains four

---

[1] The Federal Rules of Civil Procedure give a defendant ten days, excluding holidays and weekends, to timely object. Fed. R. Civ. P. 6(a). An additional three days are added to serve the objections. Fed. R. Civ. P. 6(d).

MEMORANDUM ORDER - Page 1
08ORDERS\Melaleuca_RNR

causes of action. Count One alleges that Defendants Daryl Hansen ("Hansen") and Svetlana Belova ("Belova"), violated the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("Can-Spam Act"), 15 U.S.C. § 7701, *et. seq*. Count Two alleges that Defendants Hansen and Belova violated the Idaho Consumer Protection Act ("ICPA") under Idaho Code § 48-603E. Defendant Hansen is the only defendant named in the remaining two causes of action. Count Three alleges that Hansen violated the Idaho Trade Secrets Act under Idaho Code § 48-801(2)(b)(B). Finally, Count Four alleges that Hansen tortiously interfered with Plaintiff's contracts in violation of Idaho law. *See* Complaint, Docket No. 9.

On November 13, 2007, Defendants, appearing pro se, filed a motion to dismiss Plaintiff's action for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). Defendants next argue that Plaintiff's action should be dismissed for improper venue under Fed. R. Civ. P. 12(b)(3), or in the alternative (presumably), transfer venue under 28 U.S.C. § 1406 and 18 U.S.C. § 1391(b). Defendants also argue that the Plaintiff should be required to post a bond under § 7706(g)(4) of the Can-Spam Act. Defendants also made a merits based claim against Count Two of the Complaint, which alleged a violation of the Idaho Consumer Protection Act. Defendants argue that this cause of action fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), since the federal Can-Spam Act preempts the provision of the Idaho Consumer Protection Act alleged in the Complaint. *See* Defs.' Mot. Dismiss, Docket No. 14.

Oral argument was heard on this motion on May 1, 2008 in Pocatello, Idaho. By the time of oral argument, Idaho counsel had appeared on behalf of both Defendants. At oral arguments, the parties focused their arguments on the personal jurisdiction issue.

Defendant Hansen resides in California and at the time of these alleged events, worked as an independent marketing executive for a multi-level marketing company called ITV. As an independent marketing executive, he would answer phone calls made by customers to a 1-800 number after viewing infomercials that featured products sold by ITV. In addition, Hansen would try to get these individuals to join ITV, doing the type of work he did. Melaleuca, an Idaho corporation, is engaged in a similar type of business. In addition to selling health and wellness products, Melaleuca encourages its customers to become marketing executives by referring family and friends to Melaleuca to purchase its products and allowing them to earn commission on any orders made by the referred individuals. Additionally, Melaleuca operates as an internet service provider as owner of the domain name iglide.net. Through iglide.net, Melaleuca gives their marketing executives the option of purchasing internet services, including e-mail.

After Hansen began working at ITV, he contacted individuals via e-mail, some of whom worked at Melaleuca, and inquired whether they would be interested in hearing about a new business opportunity in the television business with an established media company involved with infomercials. The e-mails gave a brief description of how ITV works, exulted the benefits of working for ITV and asked the individuals to call him. It was represented at oral argument that Hansen was aware that several of these individuals worked at Melaleuca and was familiar with Melaleuca through relatives and other contacts in the industry. Some of the Melaleuca marketing executives he contacted were users of the iglide.net server owned by Melaleuca.

## Report and Recommendation

Judge Williams recommends that Defendants' Motion to Dismiss for Lack of Personal Jurisdiction be denied for Hansen and granted for Belova; Defendant Belova be dismissed without prejudice; the request to change venue be denied; and Defendants' request that Plaintiff be required to post a bond be denied. Report and Recommendation, p. 13.

Judge Williams did not provide a recommendation on Defendants' motion to dismiss Count Two of the Complaint based on the argument of federal preemption.[2] Rather, he stated that the issue is better addressed at a future time, with further briefing from the parties and a more developed record.

Defendants object to the Report and Recommendation on two points. First, that the Court has specific jurisdiction over Defendant Hansen. Second, that Plaintiff is not required to post a bond to cover its fees and costs. Obj. to Report and Recommendation p. 1.[3]

## Motion to Dismiss for Lack of Personal Jurisdiction

Judge William's Report and Recommendation correctly states the standard for dismissal for lack of personal jurisdiction on pages 5-10:

> In a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of proof of demonstrating that jurisdiction is appropriate. *Dole Food, Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002). The plaintiff "need only make a prima facie showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). The Court must take the plaintiff's uncontroverted allegations as true and conflicts between the parties over statements in affidavits are resolved in plaintiff's favor. *Dole Food, Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002).
>
> Where, as here, there is no federal statute governing personal jurisdiction, the law of the state in which the district court sits applies. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Under Idaho law, a court may exercise jurisdiction over an out-of-state defendant where: (1) the act giving rise to the cause of action falls within Idaho's longarm statute, and (2) the constitutional standards of due process must be met. *Smalley v. Kaiser*, 950 P.2d 1248, 1251 (Idaho 1997). Because Idaho's long-arm statute permits courts to assert personal jurisdiction to the same extent permitted by the due process clause of the Constitution, courts are only required to decide whether asserting personal jurisdiction complies with due process under Idaho law. *Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir. 1987).
>
> Federal due process requires that a nonresident defendant have minimum contacts with the forum state of such a nature that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). This constitutional test may be satisfied by showing that (1) the defendant has "substantial" or "continuous and systematic" contacts with the forum state, or (2) there is a strong relationship between the defendant's forum contacts and the cause of action. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 839 (9th Cir. 1986). The former is known as "general" jurisdiction and the latter as "specific" jurisdiction. *See Ziegler v. Indian River*

---

[2] Judge Williams noted that the issue was initially raised when defendants were proceeding pro se, has received only a brief response from plaintiffs, and was not addressed at oral arguments. Report and Recommendation, p. 2.

[3] The Court notes that Defendants did not object to the denial of their motion to transfer venue, so this motion was not addressed by the Court in its *de novo* review. Furthermore, Defendants did not object to Judge Williams' recommendation on the federal preemption issue. Therefore, the Court finds that Judge Williams adequately addressed the issue, and denies Defendants motion to dismiss Count Two. However, when the record is more fully developed, Defendants are free to renew their motion to dismiss Count Two on federal preemption grounds.

MEMORANDUM ORDER - Page 3
08ORDERS\Melaleuca_RNR

*County*, 64 F.3d 470, 473 (9th Cir. 1995). Because Plaintiff does not seek to invoke general jurisdiction in this case, the remaining discussion will focus on specific jurisdiction.

The Ninth Circuit established the following three-factor test to determine whether a court has specific jurisdiction over a nonresident defendant: "(1) the nonresident defendant must do some act or consummate some transaction with the forum state or perform some act by which it *purposefully avails* itself of the privilege of conducting activities in the forum state, thereby invoking the benefits and protection of its laws; (2) the claim must *arise out of* or result forum the defendant's forum-related activity; and/or (3) the exercise of jurisdiction must be *reasonable*." *Ochoa v. J.B. Martin and Sons Farms, Inc.*, 287 F.3d 1182, 1188-89 (9th Cir. 2002)
(emphasis added) (citing *Brand v. Menelove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986)).

Generally, specific jurisdiction cannot be established unless the plaintiff meets its burden of satisfying the first two requirements. *Schwarzenegger*, 374 F.3d at 802. If the plaintiff satisfies the first two requirements, the burden shifts to the defendant to show that the court's exercise would not be reasonable. *Id*. The Ninth Circuit has taken a flexible approach in determining specific jurisdiction by holding that it "can be established with a lesser showing of minimum contacts where considerations of reasonableness dictate." *Ochoa*, 287 F.3d at 1189 n.2 (citing *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1397 (9th Cir. 1986)).

On *de novo* review of a motion to dismiss for lack of personal jurisdiction, the reviewing court takes as true uncontroverted allegations in the complaint and, conflicts between facts in the parties' affidavits are resolved in plaintiff's favor. American Tel. & Tel. Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996). The plaintiff need only make a prima facie showing of jurisdictional facts to satisfy the standard. Dole, 303 F.3d at 1109.

### a. Purposeful Availment Requirement

The Report and Recommendation set forth the necessary requirements a plaintiff must meet under the first element of personal jurisdiction on page 7:

Although courts generally use the phrase "purposeful availment" to include both purposeful availment and direction, the Ninth Circuit recognizes availment and direction as two distinct concepts. *Schwarzenegger*, 374 F.3d at 802. A purposeful availment analysis is most often used in contractual suits, whereas a purposeful direction analysis is generally applied in tort cases. *Id*. In this case, Plaintiff attempts to establish this requirement by showing purposeful direction, rather than purposeful availment. See Pl.'s Mem. Opp'n, Docket No. 16. A showing of purposeful direction requires evidence that the defendant's actions outside the forum were directed at the forum. *Schwarzenegger*, 374 F.3d at 803. The Ninth Circuit evaluates purposeful direction under the Supreme Court's three-part *Calder* test which "requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id*. (citing *Dole Food Co. v. Watts*, 303 F.3d 1101, 1111 (9th Cir. 2002)).

Judge Williams found that Plaintiff met its burden of showing that Defendant Hansen met the Calder test because he purposefully directed his emails to Melaleuca employees, and he

knew these employees were located in Idaho.[4]  However, Judge Williams found that Plaintiff had not met its burden in proving that Defendant Belova purposefully directed any actions toward Idaho because there was no evidence presented that her name was on any e-mails sent to Melaleuca employees or that she worked for ITV.[5]  Report and Recommendation, p. 8.

   Defendants object to the finding that Plaintiff carried its burden of satisfying purposeful availment  because Plaintiff did not meet the Calder test.  Defendant Hansen specifically argues that Plaintiff  failed to show Hansen expressly aimed e-mails at Idaho or that the e-mails caused any harm.  Defendant Hansen further argues that if Melaleuca suffered harm in Idaho, it was not substantial enough to assert personal jurisdiction over him.  Defendant relies on a Utah case to support this proposition.  See Bittney Fenn v. Mleads Enterprises, Inc., 137 P.3d 706 (Utah 2006) (finding personal jurisdiction did not exist where the quality and nature of one e-mail sent by non-resident defendant was insubstantial).

   Upon reviewing the record, the Court finds that Plaintiff has met its burden and satisfied the purposeful availment requirement.  Exhibits and affidavits filed with Plaintiff's Reply to Motion to Dismiss (Docket No. 16) clearly show that Hansen expressly directed e-mails at Melaleuca employees and that he was aware Melaleuca was located in Idaho.  See Aff's in Response to Mot. to Dismiss, Chandler and Nye, and attached exhibits.  Hansen sent over one hundred e-mails to Melaleuca employees in Idaho, many of which he personalized with the individual's name.  Id.  Plaintiff also alleges that because of Hansen's conduct, they have incurred damages.  First Amended Complaint, ¶ 17.  As such, Plaintiff has given a prima facie showing of facts sufficient to establish purposeful availment under the Calder test.  See Dole, 303 F.3d at 1108.

   The Utah case relied on by Defendants is distinguishable.  Hansen's contacts with Idaho are more substantial than the defendant's in Fenn.  Unlike the defendant in Fenn, Hansen knew

---

[4] Judge Williams based this finding on affidavits submitted by the parties and oral arguments. Report and Recommendation, p. 8.

[5] The Court adopts Judge Williams' recommendation on this point. Defendant Belova is dismissed without prejudice at this time, with the understanding that she may be brought back into the case at a later date if personal jurisdiction can be established. Report and Recommendation, p. 9.

the geographic location he sent e-mails to and, significantly, he sent over one hundred e-mails, not just one.  See Fenn, 137 P.3d at 714.

**b. "Arising Out Of" Requirement**

The Report and Recommendation correctly states the standard necessary for plaintiffs to meet the second element of personal jurisdiction on page 9:

> In determining whether Plaintiff's claims against Defendants arise out of their Idaho related activities, the Ninth Circuit has applied a "but for" test. *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1131-32 (9th Cir. 2003).

Judge Williams found, based on the allegations and affidavits, that but for Defendant Hansen's sending the e-mails through Melaleuca's server and to its employees, Melaleuca would not have been injured under the Can-Spam Act.  Report and Recommendation, p. 9.

Defendants argue that the applicable "but for" question to ask is: "[b]ut for Defendants' contacts with Idaho, would Melaleuca's claim against Defendants have arisen?"  Obj. to Report and Recommendation, p. 6.  Defendants answer this question "yes," maintaining that Plaintiff's Can-Spam claim is based on Hansen's e-mails to all Melaleuca employees, not just those in Idaho.  Defendants contend that because Plaintiff did not show a causal nexus between the cause of action and some of its employee's being in Idaho or, prove that the server was located in Idaho, it was not shown that Defendants' forum contacts gave rise to the cause of action.

The Court finds that Plaintiff satisfied the "but for" test.  As noted earlier, affidavits and exhibits submitted by Plaintiff demonstrate that Hansen directed multiple e-mails to individuals in Idaho and because of these emails, Plaintiff filed suit.  Defendants' argument that Plaintiff failed to establish a connection between its Can-Spam claim and Hansen's e-mails to Idaho is unavailing.  While it may be true that Hansen directed e-mails to individuals in other states and countries,[6] Plaintiff's complaint and supporting affidavits do not mention e-mails sent other places, rather the focus is on Idaho.  Furthermore, the Chandler affidavit specifically mentions the e-mails sent to Idaho as problematic for Melaleuca.  Chandler Aff. ¶¶ 9-12.

---

[6] Beyond the statement in Defendants' Objection to the Report and Recommendation, the record is silent on other places Defendant Hansen may have sent e-mails.

**c. Reasonableness Requirement**

If Plaintiff has met the first two requirements discussed above, it is Defendants who have the burden of showing that the Court's jurisdiction over them would not be reasonable. See Schwarzenegger, 374 F.3d at 802. The Report and Recommendation correctly set forth the factors to be considered on this element on pages 9-10:

> In the Ninth Circuit, courts examine seven factors to determine whether the exercise of personal jurisdiction is reasonable: (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1088 (9th Cir. 2000). Because no factor is dispositive by itself, courts must balance all seven factors. *See Roth v. Garcia Marquez*, 942 F.2d 617, 623 (9th Cir. 1991).

Judge Williams found that the Defendants had not attempted to meet their burden of showing unreasonableness and that even if they had, applying the Ninth Circuit factors to this case, exercising jurisdiction over Hansen would still be reasonable.[7] Report and Recommendation, p. 10-11.

Defendants object to this finding contending that the burden to show unreasonableness never fell on them because Plaintiff failed to sustain its burden of proving the first two elements of personal jurisdiction.[8] Defendants further argue that even if the burden was on them, exercising jurisdiction under the Ninth Circuit factors would be unreasonable. Specifically, Defendants contend that: (1) Hansen's purposeful interjection into Idaho was limited in nature because he only sent a few e-mails and even these were typical behavior in the industry;[9] (2) Hansen's burden of defending the lawsuit in Idaho is high because Hansen lives and works in

---

[7] Defendants had incorrectly argued in their motion to dismiss that Plaintiffs had the burden of proving reasonableness, thus they did not address the issue. See Defs.' Reply, Docket No. 18.

[8] Plaintiff contends that arguments raised for the first time in an objection to a report and recommendation are generally waived. See Greenhow v. Secretary of Health and Human Servs., 863 F.2d 633, 638-39 (9th Cir. 1988), overruled on other grounds by United States v. Hardesty, 977 F.2d 1347 (9th Cir. 1992); Rothman v. Hospital Serv., 510 F.2d 956, 960 (9th Cir. 1975); Response to Report and Recommendation, p. 2. However, the arguments raised by Defendants here are not new. Defendants' Motion to Dismiss specifically argues lack of personal jurisdiction. Motion to Dismiss, p. 3.

[9] Defendants contend the type of e-mails sent by Hansen recruiting Melaleuca employees is typically done in the industry and that individuals in that line of work often switch companies. Defendants appear to argue that these facts make the purposeful interjection less severe. Obj. to Report and Recommendation, p. 8.

California; (3) Idaho's interest in adjudicating the dispute is neutral because Melaleuca is an international company, doing business throughout the world; (4) the claims do not involve legal questions that must be resolved by Idaho law; and (5) there is an alternative forum available in California.

As discussed above, the Court finds that Plaintiff has satisfied its burden on the first two elements, so the burden is on Defendants to prove jurisdiction is unreasonable. The Court has weighed the factors and finds that Defendants have not met their burden. The extent to which Defendant Hansen purposefully interjected himself into Idaho affairs was substantial- he knowingly sent over one hundred personalized emails to Idaho residents on at least three separate occasions, which led to four separate counts of alleged violations.[10] Idaho has a strong interest in resolving this dispute because Melaleuca is an Idaho resident, the injury occurred in Idaho, and Idaho's consumer protection laws specifically target spam and unfair practices regarding e-mail.[11] Plaintiff chose this forum and it is convenient and efficient to resolving the dispute. Relevant witnesses and evidence are located in Idaho. Lastly, there is likely no conflict with the sovereignty of Defendant Hansen's state, California.

Of the seven factors, there are only two that sway in Defendants' favor. First, the existence of California as an alternative forum state. However, California has very little contact with this case, it is not Plaintiff's forum choice, and will likely be more inconvenient overall.[12] Venue is also proper in the District of Idaho pursuant to the Can-Spam Act. See Report and Recommendation, pp. 11-12.

Second, the burden on the Defendants to defend their case in Idaho will likely be high. Defendant Hansen lives and works in California and will have to expend time and money to defend this case in Idaho. However, the Court must balance all the factors and any one factor is

---

[10] Furthermore, the argument that this is was insubstantial because it is normal business procedure is unavailing. Even if this behavior is customary, as noted, it still gave rise to alleged violations of state and federal law, tortious interference, and misappropriation of trade secrets. See First Amended Complaint.

[11] See Idaho Consumer Protection Act, IDAHO CODE § 48-603.

[12] Plaintiffs will likely be more inconvenienced in trying the case in California than Defendants will in Idaho. Plaintiffs expect to call multiple witnesses from Idaho, whereas Defendant need only bring himself to Idaho.

not given more weight than another.  Roth, 942 F.2d at 623.  Therefore, because Defendants have not shown the weight of factors make jurisdiction unreasonable, the Court finds they have failed to meet their burden.

### Motion to require Plaintiff to Post a Bond

Defendants request that the Court require Plaintiff to post a bond to cover their fees and costs under 15 U.S.C. § 7706(g)(4).  Defs.' Mot. Dismiss, at 4.  The Report and Recommendation correctly states the law and addresses an applicable case on pages 12-13:

> In an action for Can-Spam violations, "the court *may, in its discretion*, require an undertaking for the payment of the costs of such action, and assess reasonable costs, including reasonable attorney fees, against any party." 15 U.S.C. § 7706(g)(4) (emphasis added). As Plaintiff notes, only one court has ruled on the issue of whether a court should require a party to post security for costs. Pl.'s Mem. Opp'n, at 15, Docket No. 16 (citing *Asis Internet Servs. v. Optin Global, Inc.*, 2006 WL 1820902 (N.D. Cal. 2006)).
> In *Asis*, the court denied the defendant's request that the plaintiff post security costs because: (1) the defendant was not likely to succeed on the merits; (2) the plaintiff showed evidence in support of its allegations; and (3) requiring the plaintiff to post a bond could chill private-enforcement of Can-Spam as a new area of law. *Asis Internet Servs. v. Optin Global, Inc.*, 2006 WL 1820902, *8 (N.D. Cal. 2006).

Judge Williams found the facts in Asis similar to this case and recommended denying the request that Plaintiff be required to post a bond because Plaintiff's allegations were supported by affidavits and requiring Plaintiff to post a bond could chill private enforcement of Can-Spam. Report and Recommendation, p. 12.

Defendants object to this finding stating that they are likely to succeed on the merits. Defendants also contend that requiring Plaintiff to post a bond will not chill private enforcement of Can-Spam because Plaintiff's claim is not legitimate.

The Court exercises its discretion and finds that Plaintiff should not be required to post a bond to cover costs under 15 U.S.C. § 7706(g)(1).  Plaintiff has shown at least some evidence through affidavits and exhibits to support its allegations.  Moreover,  requiring Plaintiff to post a bond when they have brought a claim supported by evidence, may chill private enforcement of Can-Spam.

**Conclusion**

For the reasons stated above, Defendants' objections to the Report and Recommendation are denied.

Because the Court finds the Report and Recommendation of Judge Williams to be well founded in law, the Court hereby accepts in their entirety, and adopts as its own, the findings made by Judge Williams. Acting on the recommendation of Judge Williams, and the Court being fully advised in the premises, **IT IS HEREBY ORDERED:**

1) Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Docket No. 14), is GRANTED IN PART AND DENIED IN PART;

2) Defendant Svetlana Belova is dismissed without prejudice;

3) Defendants' Motion to Dismiss for Lack of Venue or, alternatively to Transfer Venue, (Docket No. 14) is DENIED;

4) Defendants' Motion to Dismiss Count Two for Failure to State a Claim based on federal preemption (Docket No. 14) is DENIED without prejudice;

5) Defendants' request to require Plaintiff to post a bond (Docket No. 14) is DENIED.

DATED: **July 18, 2008**

Honorable Edward J. Lodge
U. S. District Judge