**U.S. COURTS**

**APR 0 9 2010**

Rcvd_____Filed_____Time_____
ELIZABETH A. SMITH
CLERK, DISTRICT OF IDAHO

Daryl Hansen
P.O. Box 4621
El Dorado Hills, CA  95762
Phone:  (916) 705-4557
Email:  darylhansen@gmail.com

Defendant in Propria Personum

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| MELALEUCA, INC., | ) | |
|---|---|---|
| | ) | Case No. CV 07-212-E-EJL |
| Plaintiff, | ) | |
| vs. | ) | STATUS REPORT |
| | ) | |
| DARYL HANSEN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On February 2, 2009, the parties entered into a written agreement to sign a final

settlement agreement after the deposition of non-party witness Ariana Reed takes place.

Defendant Hansen believed that following the deposition of Ariana Reed, a final agreement

would be signed within 60 to 90 days and this matter would be resolved without any further

litigation.

Melaleuca has requested Defendant to stipulate to the many Status Reports filed with this

Court.  Defendant has acted in good faith and has stipulated to five successive Status Reports

filed with this Court on or about April 10, 2009, May 26, 2009, July 30, 2009, September 25,

2009 and again on November 30, 2009.   Each Status Report stipulated that both parties believe

that this matter can be resolved shortly after the deposition of the above named non-party witness.

This Court issued an Order on or about January 5, 2010, that it would allow *only* another 60 days for the deposition to be completed *or the parties are to proceed with resolution of this matter without the deposition of Ariana Reed.* After the passing of these 60 days allowed by the Court, Defendant Hansen began contacting Melaleuca legal counsel over the course of nearly a month and on at least 3 separate dates. Defendant made these calls to Melaleuca counsel because of his concerns about the deadline imposed by the Court and the agreement for resolution with Melaleuca upon which he relied. Defendant had good reason to believe that resolution was eminent and was further based upon the testimony Melaleuca provided to this Court in the telephonic hearing held in early January. Mr. John Ashby, counsel for Melaleuca, was specifically asked by the Honorable Judge Williams what would happen if Melaleuca was still unsuccessful at conducting the deposition within 60 days and Mr. Ashby responded in the affirmative by stating that a resolution to this case will still occur even if Melaleuca is unable to obtain her deposition by this deadline imposed by the Court.

Following this Court's most recent Order on April 2, 2010, Defendant was contacted by Melaleuca's legal counsel and he was presented with a proposal for Defendant to stipulate to yet another Status Report which would state that the parties have not been able to fully resolve this matter and request that the case now proceed. This came as a shock to Defendant because Melaleuca has stated repeatedly both verbally, and in multiple filings with this Court, that this case will be resolved without any need for further litigation. Defendant Hansen strongly believes that he has acted in good faith in settlement discussions. However, Defendant now believes that

because of Melaleuca's unexpected change in position; he believes that Melaleuca is now acting in bad faith <u>by asking the Defendant to stipulate to something totally opposite to that which both parties have already agreed to in multiple previous stipulations.</u>  It is unfair, misleading and deceptive for Melaleuca to seek to back out of its promises and abandon the commitments upon which the Defendant and this Court has relied for resolution of this lawsuit.

Defendant believes that good cause exists for Plaintiff not to be allowed to pursue further litigation after the Plaintiff and Defendant have entered into a written agreement binding both parties to agree to settle this case, and specifically requires that both parties act in good faith. Defendant has been extremely patient and accommodating by continuously stipulating to Plaintiff's multiple requests for additional time to depose Ariana Reed. Each stipulation has been accompanied by Plaintiff's assurance that this case will be resolved. The agreement signed by both Plaintiff and Defendant provides for resolution of this Court action by dismissal with prejudice. It would be unjust to allow this case to be further litigated.

DATED THIS 8th day of April, 2010.

By: _____
Daryl Hansen
Defendant in Propia personum